UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC ANTHONY RUIZ,

    Plaintiff,

vs.                                                          Case No. 16-13946

WAYNE STATE UNIVERSITY                    HON. AVERN COHN
and LEE WILKINS, JOHN VANDER WEG,
MATTHEW SEEGER, and
MARGARET E. WINTERS,

    Defendants.
_____/

## MEMORANDUM AND ORDER
## DENYING PLAINTIFF'S MOTION TO ORDER WAYNE STATE UNIVERSITY TO RULE ON PLAINTIFF'S TENURE (Doc. 26)
## AND
## GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS (Doc. 28)[1]
## AND
## STAYING PROCEEDINGS FOR NINETY (90) DAYS

I. Introduction

This is an employment case. Plaintiff is a professor at Wayne State University. Defendants are Wayne State University and several of its officials. The Second Amended Complaint (Doc. 20) makes the following claims:

    Count I - violations of the Americans with Disabilities Act

    Count II - violations of the Family Medical Leave Act

    Count III - violations of Michigan's Persons with Disabilities Act

---

[1]Although originally scheduled for hearing, upon review of the parties' papers the Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Count IV - violations of Michigan's Elliot Larsen Civil Rights Act

Broadly stated, plaintiff claims that defendants discriminated and retaliated against him regarding his cancer diagnosis and need for treatment in 2015.

Before the Court is plaintiff's Motion to Order Wayne State University to Rule on Plaintiff's Tenure (Doc. 26)[2] and defendants' Motion to Stay Proceedings. (Doc. 33). For the reasons that follow, plaintiff's motion is DENIED, defendants' motion is GRANTED, and proceedings will be stayed for ninety (90) days with conditions as described below.

II. Background

In order to understand the present motions, some background is in order. In 2009, plaintiff was hired as an Assistant Professor in the Department of Communication in the College of Fine, Performing and Communication Arts at Wayne State University. In May of 2014, plaintiff applied for tenure. A few months after he applied, and before a ruling on his application, plaintiff was diagnosed with cancer. His condition required him to take medical leave.

On April 17, 2015, plaintiff was informed that his application for tenure was denied.

Plaintiff filed two charges with the EEOC, both essentially claiming FMLA retaliation and disability discrimination. The EEOC found in favor of plaintiff on both charges.

---

[2]The motion is styled "Plaintiff's Motion Requesting Court to Order Defendant Wayne State University to Rule Definitively on Plaintiff's Tenure Bid, or, Alternatively Requesting Court to Not delay Litigation."

In January 2016, plaintiff was placed on unpaid leave of absence.

Meanwhile, plaintiff's union grieved the denial of his application for tenure. On May 3, 2016, the arbitrator issued a decision referring the matter back to Wayne State University's Tenure and Promotion Committee (Committee) for reconsideration. According to defendants, the process is underway. At the time of briefing on the motions, defendants said that the Committee and Provost met on March 20 and anticipate submitting their recommendations to the President of Wayne State University "within a matter of weeks." Once the President receives the recommendations, he has up to six months to make a final determination. In other words, the President must decide within six months, but could decide anytime before that. The six month period is reflected in the collective bargaining agreement (CBA) between Wayne State University and plaintiff's union.

## II. Plaintiff's Motion

Plaintiff asks the Court to order Wayne State University to rule on plaintiff's tenure within 45 days. As factual support, plaintiff says that the arbitrator issued a decision on May 3, 2016 and sent the matter back to the University but nothing has been done for these many months. Plaintiff also says that the Court has the authority to order a ruling from the University President within 45 days because such an order does not conflict with the CBA, the order does not touch on matters of interpretation of the CBA, and is within the Court's inherent authority. Alternatively, plaintiff asks that the Court not delay proceedings in this litigation while his application for tenure is being reconsidered.

Defendants object, first noting that plaintiff has not made a claim in this lawsuit

regarding his tenure. The only arguable theories under which plaintiff could seek to have the Court order the University to take some action regarding the tenure process following the arbitrator's decision, would be if the University was allegedly not complying with the arbitrator's decision, or was not complying with the CBA. However, plaintiff has made neither such claim but instead asserts claims for discrimination and violation of the FMLA.

Defendant also argues that there is no legal or factual basis on which the Court can order the University to rule on plaintiff's tenure application. Defendant says that if the University was not complying with the arbitrator's decision, then the union, not plaintiff, would have standing to pursue a claim. Moreover, plaintiff has not made allegations which would permit him to bring a claim for violation of the CBA. Finally, defendants contend that to the extent the Court has inherent authority to order the University as plaintiff requests, that it decline to do so.

Defendants have the better view. Putting aside that plaintiff's claims do not encompass an order directing action on his tenure application following the arbitrator's decision as well as any jurisdictional hurdles due to Wayne State University's status as an arm of the state, there is no basis to direct the University to issue a ruling on plaintiff's tenure application. As defendants point out in detail in their response, the steps to be taken by the University following an arbitrator's decision are contractual. Any claim that the University is failing to follow those steps is a claim that the University is breaching the contract, i.e. the CBA. The union, not plaintiff, could pursue such a claim. Additionally, plaintiff has not alleged that the union has engaged in any wrongdoing which could potentially permit him to bring a claim for violation of the CBA.

4

Finally, assuming the Court has inherent authority to grant plaintiff the requested relief, it is inappropriate given that, according to defendants' representations, the process for reconsidering plaintiff's tenure is underway.

Notwithstanding the above, and with recognition that it would be inappropriate for the Court to order the University to act on plaintiff's tenure application, the Court observes it would be in defendants' best interests for the University to act swiftly on plaintiff's application for tenure and render a final decision sooner rather than later.

### III. Defendants' Motion

Defendants move for a stay of proceedings while plaintiff's tenure application is reconsidered. Defendants contend that, as noted above, the contractual process is moving forward. Defendants also say that the decision regarding plaintiff's tenure will impact this litigation in terms of damages or the potential addition of claims. Plaintiff objects to a stay, contending that he will be prejudiced by further delay. In response, defendants point out that plaintiff waited until one year after he was placed on unpaid leave to file suit and defendants have not delayed in responding to any of plaintiff's requested discovery.

In light of the fact that plaintiff's tenure is being reconsidered and given the nature of the claims, it make sense to know plaintiff's employment/tenure status before this case proceeds. However, in order to alleviate plaintiff's concern regarding delay, the stay is subject to the following conditions:

The stay shall be for ninety (90) days. If a final decision is rendered during the 90 days, the stay will be lifted on notice to the Court. If a final decision is not rendered in 90 days, the stay will be lifted on notice to the Court. If defendants want a stay after

5

the 90 days have expired, they must move for it.

SO ORDERED.

                                               S/Avern Cohn
                                               AVERN COHN
                                               UNITED STATES DISTRICT JUDGE

Dated: April 12, 2017
      Detroit, Michigan